IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRWIN LIGGINS, SR., )<br>    Petitioner, )<br>                )<br>        v.             )<br>                )<br>COMMONWEALTH OF PENNSYLVANIA, )<br>et al., )<br>    Respondents. ) | 2:12-cv-271 |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Irwin Liggins, Sr. for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Irwin Liggins, Sr., an inmate at the State Correctional Institute at Greensburg has presented a petition for a writ of habeas corpus. Liggins is presently serving a seven and a half to twenty years sentence imposed following his plea of guilty to charges of simple assault, terroristic threats, unlawful restraint and aggravated assault at No. CP-02-CR-254-2000 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on April 6, 2001 with the same effective date.[2]

After some post-trial filings, a notice of appeal was filed on July 2, 2001, and on October 30. 2002, the judgment of sentence was affirmed.[3] No further appellate relief was sought.

---

[1] See: Petition at ¶5 and the Docket sheet of the Court of Common Pleas at No. CP-02-CR-254-2000. All docket sheets referenced can be viewed at the Pennsylvania Judiciary Web Portal, http://ujportal.pacourts.us.
[2] See: Petition at ¶ 2 and the Docket sheet of the Court of Common Pleas. However, it should be noted that the imposed sentence is the issue which the petitioner raises here. Liggins contends that he received a seven year sentence (See: Petition at ¶ 2) and as a result he should have been discharged from custody while the docket sheet reveals that the imposed sentence was seven and half to twenty years.
[3] See: Court of Common Pleas Docket sheet and petition at ¶9(d).

1

On December 8, 2009 petitioner filed a post-conviction petition.[4] That petition was denied on July 27, 2010 and an appeal was taken to the Superior Court.[5] On June 10, 2011 the denial of post-conviction relief was affirmed[6] and on July 13, 2011, the Superior Court wrote, that the post-conviction appeal was "DISMISSED for not being timely filed."[7] Leave to appeal was denied by the Pennsylvania Supreme Court on March 27, 2012.

Petitioner now comes before this Court and contends he is entitled to relief on the following grounds:

1. At my sentencing hearing held on April 6, 2000, Judge Zottola pronounced my sentence as being 7 years; I was never resentenced so I should've been released at the end of 7 yrs., being 12/22/[200]6.
2. The encoding of my sentence wasn't what my sentence was to be according to what was verbally given to me at my one and only sentencing hearing. I was given "7"yrs. By Judge John A. Zottola, however, it was pedantly[sic.] recorded that my sentence was 7 ½ to 20 yrs. But for the fraudulent recording of my sentence, I should've been released at the end of "7" yrs.[8]

That is, the petitioner contends that the recorded sentence was not the same as the sentence imposed by the court. However, this issue need not be resolved here since it is readily apparent that the present petition is time barred.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] See: Court of Common Pleas Docket sheet.
[5] Id.
[6] Id. and ¶9(g) of the petition.
[7] See: Superior Court Docket sheet at 1401 WDA 2010.
[8] See: Petition at pp.6,8.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, Liggins conviction was affirmed on October 30, 2002 and no further relief was sought. Thus, his conviction became final on November 29, 2002 when the time in which to seek allocator expired.[9] No further relief was sought until he filed a post-conviction petition on December 8, 2009.[10] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until seven years after he could have done so and that filing was deemed untimely under Pennsylvania law and for this reason the petition was not "properly filed". The instant petition was executed on February 12, 2012 or over nine years after his conviction became final. Thus, the delay in seeking post-conviction relief and ultimately seeking relief here resulted in far in excess of the one year period in which to seek relief had expired, and the petition here is time barred. Nor is there any basis for equitable tolling since there is no showing that Liggins was in any way prevented from seeking timely relief in the state courts.

Accordingly, because the petition here is time barred, it is recommended that it be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: April 17, 2012          United States Magistrate Judge

---

[9] Pa.R.App.P. 1113.
[10] Interestingly enough, this untimely post-conviction petition was not filed until almost three years after petitioner contends he should have been released.